IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BM CONSULTING SERVICES, INC., *Plaintiff,* v. RICHARD MASCIARELLI, et al., *Defendants.* | CIVIL ACTION NO. 21-4990 |

**PAPPERT, J.**                                                                                       February 16, 2022

## MEMORANDUM

BM Consulting Services sued four former employees for wage theft under state law in the Montgomery County Court of Common Pleas. Its claims do not raise a federal question. Defendants nonetheless removed the case to this Court. They contended BM's claims were preempted because they engaged in concerted activity protected by federal labor relations law. BM moved to remand, contending the case belonged in state court since there was no preemption for a simple damages action over wage theft. The Court grants the Motion.

I

BM is a fire protection services business. (Compl., ECF 1 Ex. A ¶ 2.) Richard Masciarelli, Tyler Giampa, Charles Gallagher and Bradley Cohen worked there between 2018 and 2020. (*Id.* at ¶¶ 11–22.) Defendants were acquaintances before starting at BM, they sought to join the company to harm it and socialized and worked together after BM hired them. (*Id.* at ¶¶ 9–10.)

In August of 2020, after quitting together, Defendants filed wage theft complaints against BM with the Philadelphia Mayor's Office. (*Id.* at ¶ 23.) BM then

1

learned through GPS tracking devices that Defendants themselves engaged in wage theft, and often did so "together," by spending time they claimed to be working at restaurants, bars and strip clubs. (*Id.* at ¶¶ 24–26.) They stole a total of $61,387.07. (*Id.* at ¶ 32.) According to BM, Defendants had "operated in concert" while working for it to try to "damage" the company—which had no labor union members as employees—and benefit labor unions, including Sprinkler Fitters Local 692. (*Id.* at ¶¶ 2, 7.)

On October 12, 2021, BM sued Masciarelli, Giampa, Gallagher and Cohen in the Montgomery County Court of Common Pleas to recover the wages they stole, alleging breach of contract, fraud, civil conspiracy and, in the alternative, unjust enrichment and conversion. (*Id.* at ¶¶ 34–59.) A month later, Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. (ECF 1.) They claimed the Court had jurisdiction because BM's complaint "clearly centers around" Defendants' rights to engage in activity protected by the National Labor Relations Act ("NLRA") and BM's response to their exercise. (*Id.* at ¶ 18.)

On November 24, 2021, BM moved to remand the case to state court. (ECF 2.) It argues the Court lacks jurisdiction because all BM's claims arise under state law, the NLRA is inapplicable and BM "merely seeks state court remedies" for the wage theft. (*Id.*) Defendants subsequently responded to the Motion, arguing federal law preempted BM's claims. (ECF 5.) BM filed a reply in support. (ECF 7.)

II

A

State court defendants can remove a case to federal court if the federal court would have original jurisdiction over it. 28 U.S.C. § 1441(a). Federal courts have

original jurisdiction over cases arising under federal law.[1] § 1331.  A case must be remanded, however, if the Court concludes it lacks jurisdiction.  § 1447(c).

A defendant's removal right is determined based on the complaint "at the time of the petition for removal." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).  The burden is on the party invoking federal jurisdiction to show the case is "properly before" the Court.  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  Courts must "strictly" construe removal and resolve "all doubts" in remand's favor.  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation marks omitted).

If, as here, the parties are nondiverse, removal is proper only if the case arises under federal law.  *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002).  Whether it does usually "turns on the well-pleaded complaint rule."  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Franchise Tax Bd. of California v. Constr. Labs. Vacation Trust for S. California*, 463 U.S. 1, 9–10 (1983)).  Under this rule, defendants cannot remove "unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."  *Id.* (emphasis in original) (citing *Lousville v. Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (explaining arising under jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

The well-pleaded complaint rule allows a plaintiff to avoid federal question jurisdiction, since it is the "master of the complaint" and can rely solely on state law.  *Caterpillar Inc.*, 482 U.S. at 392; 14C Charles A. Wright & Arthur R. Miller, *Federal*

---

[1]   There is no claim of federal jurisdiction based on diversity of citizenship.  *See* 28 U.S.C. § 1132(a).

3

*Practice & Procedure* § 3722 (Rev. 4th ed., Apr. 2021 update) (explaining this holds even with respect to "industries that are heavily regulated by federal law, such as employer-employee relations"). Removal is unavailable based on a federal defense, even preemption. *Caterpillar Inc.*, 482 U.S. at 392.

### III

### A

Defendants have not carried their burden to prove removal was proper. BM's complaint does not present a federal question. *See Aetna Health Inc.*, 542 U.S. at 207. It alleges Defendants stole wages by claiming they worked hours they devoted to recreation. (Compl. ¶¶ 24–26.) BM went to state court to recoup the loss, bringing straightforward claims for breach of contract, fraud, civil conspiracy, unjust enrichment and conversion. (*Id.* at ¶¶ 34–59.) All of them arise squarely under Pennsylvania law, none implicates federal law. BM's allegations that Defendants acted cooperatively—for example, that they engaged in wage theft "together"—do not change the analysis. *See, e.g.*, (*id.* at ¶ 24). Nor does a stray reference to a particular union transform a state law damages action into a NLRA case. (*Id.* at ¶ 7 (noting Sprinkler Fitters Local 692).)

Defendants claim the "gravamen" of BM's allegations is them allegedly operating in concert to damage BM and help labor unions. (Not. of Removal ¶ 4.) But unions are a non-issue; BM sued its former employees to recover wages they stole. *Cf. Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 230–32 (3d Cir. 1995) (concluding state breach of contract and fraud claims brought by members of a collective bargaining unit posed state law questions that were not preempted by a federal labor relations statute). Indeed, BM seeks monetary relief of "at least $61,387.07," the exact amount of the alleged theft. (Compl. ¶¶ 32, 38, 46, 51, 54–55, 59.)

4

B

Removal was not authorized by Defendants' preemption defenses. As an initial matter, the NLRA does not cover their alleged misconduct. Section 7 protects employees' right to engage in "concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. It is an "unfair labor practice" for employers to interfere with employees' exercise of their Section 7 rights or to discourage labor organization membership through employment discrimination. § 158(a)(1), (3).

Yet Section 7 "does not protect all concerted activities," including unlawful ones. *NLRB v. Washington Aluminum Co.*, 370 U.S. 9, 17 (1962); *MCPC, Inc v. NLRB*, 813 F.3d 475, 486 (3d Cir. 2016) (explaining illegal conduct falls "outside the shelter of [§] 7" (alteration in original) (quoting *Wheeling-Pittsburgh Steel Corp. v. NLRB*, 618 F.2d 1009, 1018 (3d Cir. 1980))). Wage theft, the crux of BM's lawsuit, is illegal and unprotected.

For similar reasons, *Machinists* preemption is inapplicable. This doctrine forbids state regulation of conduct Congress "intended to be unregulated" by the NLRA, in particular those areas it wanted "controlled by the free play of economic forces." *Golden State Transit Corp. v. City of Los Angeles*, 475 U.S. 608, 614 (1986) (quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 749 (1985) and *Lodge 76, Int'l Ass'n of Machinists & Aerospace Workers v. Wisconsin Emp. Rels. Comm'n*, 427 U.S. 132, 140 (1976)). As a consequence, states cannot impose "additional restrictions on economic weapons of self-help," like lockouts or strikes, unless they were presumably "contemplated by Congress." *Hotel Emps. & Restaurant Emps. Union, Local 57 v. Sage*

*Hosp. Res., LLC*, 390 F.3d 206, 212 (3d Cir. 2004). Wage theft is not a form of "self-help" Congress sought to shield from state court remedies. Rather, it contemplated employers redressing it by filing breach of contract and fraud claims.[2] *See Golden State Transit Corp.*, 475 U.S. at 614–15.

Removal would be improper even if Defendants' conduct were preempted under *Machinists* or NLRA Section 7. Neither preemption defense creates federal question jurisdiction. *See, e.g.*, *Kline v. Security Guards, Inc.*, 386 F.3d 246, 262–63 (3d Cir. 2004) (ordering remand and explaining defendants potentially could raise a Section 7 preemption defense to a civil conspiracy claim in state court). Preemption can support removal only if federal law "completely" preempts a plaintiff's claims. *See In re Cmty. Bank of N. Virginia*, 418 F.3d 277, 293–94 (3d Cir. 2005). But Defendants disclaim complete preemption here. (Resp. to Mot. to Remand 6–7.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[2] Defendants misleadingly characterize their conduct as "withholding labor" to protest substandard pay. (Resp. to Mot. to Remand 8.) Instead, BM alleges they quit after taking credit for work they didn't do. *See* (Compl. ¶¶ 23–26).